JOHN F. BETZ & SON, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8286, 8287. Promulgated February 29, 1928.

*Walter Willard, Esq.,* for the petitioner.
*A. R. Marrs, Esq.,* for the respondent.

OPINION.

SMITH: The petition alleges that the respondent has erred in computing deficiencies in tax for the years 1918 to 1921, inclusive, at the rate of 6 per cent of remittances made to the Railway Share Trust Co., Ltd., of London, England, for the year 1918, and at the rate of 10 per cent of the remittances for the years 1919, 1920, and 1921, instead of at the rate of 2 per cent of such remittances. At the hearing of these proceedings, and in the brief, counsel for the petitioner has argued that the petitioner is not liable to income tax in respect of the remittances made to the Railway Share Trust Co., Ltd., of London, for any of the years, and that if the petitioner is liable to any income tax for any of the years 1918 to 1921, inclusive, that tax should not be in excess of 2 per cent of the amount of the remittances made during the taxable year.

Section 10(a) of the Revenue Act of 1916, as amended by section 1206 of the Revenue Act of 1917, provides:

That there shall be levied, assessed, collected, and paid annually upon the total net income received in the preceding calendar year from all sources by every corporation, joint-stock company or association, or insurance company, organized in the United States, no matter how created or organized, but not including partnerships, a tax of two per centum upon such income; and *a like tax* shall be levied, assessed, collected, and paid annually upon the total net income received in the preceding calendar year *from all sources within the United States by every corporation*, joint-stock company or association, or insurance company, *organized*, authorized, or existing *under the laws of any foreign country*, including interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, and including the income derived from dividends on capital stock or from net earnings of resident corporations, joint-stock companies or associations, or insurance companies, whose net income is taxable under this title. (Italics ours.)

Section 13(e) of the Revenue Act of 1916, as amended by section 1208 of the Revenue Act of 1917, provides:

All the provisions of this title relating to the tax authorized and required to be deducted and withheld and paid to the officer of the United States Government authorized to receive the same from the income of nonresident alien individuals from sources within the United States shall be made applicable to the tax imposed by subdivision (a) of section ten upon incomes derived from interest upon bonds and mortgages or deeds of trust or similar obligations of domestic or other resident corporations, joint-stock companies or associations, and

insurance companies by nonresident alien firms, copartnerships, companies, corporations, joint-stock companies or associations, and insurance companies, not engaged in business or trade within the United States and not having any office or place of business therein.

## Section 4 of the Revenue Act of 1917 provides:

That in addition to the tax imposed by subdivision (a) of section ten of such Act of September eighth, nineteen hundred and sixteen, as amended by this Act, there shall be levied, assessed, collected, and paid a like tax of four per centum upon the income received in the calendar year nineteen hundred and seventeen and every calendar year thereafter, by every corporation, joint-stock company or association, or insurance company, subject to the tax imposed by that subdivision of that section, * * *

The tax imposed by this section shall be computed, levied, assessed, collected, and paid upon the same incomes and in the same manner as the tax imposed by subdivision (a) of section ten of such Act of September eighth, nineteen hundred and sixteen, as amended by this Act, except that for the purpose of the tax imposed by this section the income embraced in a return of a corporation, joint-stock company or association, or insurance company, shall be credited with the amount received as dividends upon the stock or from the net earnings of any other corporation, joint-stock company or association, or insurance company, which is taxable upon its net income as provided in this title.

## Treasury Decision 2547 provides in part as follows:

*Withholding of tax on income of foreign corporations on and after October 4, 1917.*—Paying agents of interest on bonds of domestic corporations owned by foreign corporations not engaged in business in the United States and having no office or place of business therein are required to deduct and withhold the tax of 6 per cent on and after October 4, 1917.

## Article 202 of Regulations 33, Revised, provides in part as follows:

Under section 13(e) of the act of September 8, 1916, as amended by the act of October 3, 1917, interest on bonds of domestic corporations, joint-stock companies or associations, and insurance companies, payable to nonresident alien corporations, is subject to deduction of tax at the source at the rate of 6 per cent (2 per cent under the act of Sept. 8, 1916, and 4 per cent under the act of Oct. 3, 1917). Foreign corporations will file ownership certificate Form 1000 in presenting coupons for payment. If a foreign corporation has an office, agent, or place of business in the United States, certificate Form 1001 shall be filed establishing such fact and relieving the corporation from deduction of the tax at the source.

The basis for the above quoted portion of Treasury Decision 2547 is apparently section 10(a) and section 13(e) of the Revenue Act of 1916, as amended by the Revenue Act of 1917. The 2 per cent tax imposed upon income of foreign corporations "from all sources within the United States" by the Revenue Act of 1916 is subject to the withholding provisions of that Act. The 4 per cent tax imposed by section 4 of the Revenue Act of 1917 is to be assessed and collected "in the same manner as the tax imposed by subdivision (a)" of section 10 of the Revenue Act of 1916, as amended by the Revenue Act of 1917.

The petitioner contends that it was paying the interest upon bonds and that if it was liable to any income tax in respect of the interest paid it should be at the rate of only 2 per cent of the remittances made for the year 1918. This unquestionably would be the rate if the petitioner were paying interest upon its own bonds to any owners other than foreign corporations. See section 3 of the Revenue Act of 1917, and article 45 of Regulations 33, Revised. The latter article reads as follows:

Withholding will at all times be limited to 2 per cent, except in case of interest on corporate bonds owned by foreign corporations having no office or place of business in the United States, in which case deduction will be at the rate of 6 per cent.

At this point it should be noted that the Revenue Act of 1918 was not enacted until February 24, 1919, and that the withholding provisions of that law were not in effect during the calendar year 1918.

The record does not disclose what, if any, arrangement was made between the English corporation, or the trustee, with the petitioner relative to the payment of interest upon the bonds. We simply know that the remittances were made. For anything that the record discloses, the petitioner may have remitted to the trustee a portion of its earnings upon the order of the English corporation. In such event we are of the opinion that the petitioner would have been liable to income tax at the rate of 6 per cent of the amount of the remittances made in 1918 under the provisions of law and the regulations quoted above. In the absence of evidence that the respondent committed error in determining the deficiency for 1918 at the rate of 6 per cent of the amount of the remittances, the determination of the deficiency made by the respondent is sustained.

Section 221 (a) of the Revenue Act of 1918 provides:

That all individuals, corporations and partnerships, in whatever capacity acting, including lessees or mortgagors of real or personal property, fiduciaries, employers, and all officers and employees of the United States, having the control, receipt, custody, disposal, or payment, of interest, rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income, of any nonresident alien individual (other than income received as dividends from a corporation which is taxable under this title upon its net income) shall (except in the cases provided for in subdivision (b) and except as otherwise provided in regulations prescribed by the Commissioner under section 217) deduct and withhold from such annual or periodical gains, profits, and income a tax equal to 8 per centum thereof: *Provided*, That the Commissioner may authorize such tax to be deducted and withheld from the interest upon any securities the owners of which are not known to the withholding agent.

Section 237 of the same Act provides:

That in the case of foreign corporations subject to taxation under this title not engaged in trade or business within the United States and not having

any office or place of business therein, there shall be deducted and withheld at the source in the same manner and upon the same items of income as is provided in section 221 a tax equal to 10 per centum thereof, and such tax shall be returned and paid in the same manner and subject to the same conditions as provided in that section: *Provided,* That in the case of interest described in subdivision (b) of that section the deduction and withholding shall be at the rate of 2 per centum.

Section 221(a) of the Revenue Act of 1921 provides:

That all individuals, corporations, and partnerships, in whatever capacity acting, including lessees or mortgagors of real or personal property, fiduciaries, employers, and all officers and employees of the United States having the control, receipt, custody, disposal, or payment of interest (except interest on deposits with persons carrying on the banking business paid to persons not engaged in business in the United States and not having an office or place of business therein), rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income, of any nonresident alien individual or partnership composed in whole or in part of nonresident aliens (other than income received as dividends of the class allowed as a credit by subdivision (a) of section 216) shall (except in the cases provided for in subdivision (b) and except as otherwise provided in regulations prescribed by the Commissioner under section 217) deduct and withhold from such annual or periodical gains, profits, and income a tax equal to 8 per centum thereof: *Provided,* That the Commissioner may authorize such tax to be deducted and withheld from the interest upon any securities the owners of which are not known to the withholding agent.

Section 237 of the same Act provides:

That in the case of foreign corporations subject to taxation under this title not engaged in trade or business within the United States and not having any office or place of business therein, there shall be deducted and withheld at the source in the same manner and upon the same items of income as is provided in section 221 a tax equal to 12½ per centum thereof (but during the calendar year 1921 only 10 per centum), and such tax shall be returned and paid in the same manner and subject to the same conditions as provided in that section: *Provided,* That in the case of interest described in subdivision (b) of that section the deduction and withholding shall be at the rate of 2 per centum.

The record is no more definite with respect to the relationship of the English corporation to the petitioner during the years 1919, 1920, and 1921 than it is with respect to the relationship which existed between them for the year 1918. If, during these years, the petitioner was remitting to the trustee a portion of its earnings and such remittances were made for the benefit of the English corporation, we are of the opinion that the petitioner is liable to income tax in respect of the remittance at the rate of 10 per centum thereof. The evidence of record does not disprove that this was the situation. Upon the record as made the determination of the Commissioner must be sustained. The petitioner has not met the burden of proof

to show error on the part of the respondent in the computation of the deficiencies.

The fact that the petitioner failed to withhold the tax which it was required to withhold does not relieve it from tax liability. See section 9 (b) of the Revenue Act of 1916 and section 221 (c) of the Revenue Acts of 1918 and 1921.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

PHILLIPS concurs in the result.